FILED

September 21, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:25 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| JIMMY MORRIS, | ) | Docket No: 2017-05-0041 |
| Employee, | ) | |
| v. | ) | |
| SPEC PERSONNEL, LLC, | ) | State File Number: 3541-2017 |
| Employer, | ) | |
| And | ) | |
| TECHNOLOGY INS. CO., | ) | Judge Dale Tipps |
| Insurance Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING BENEFITS

This matter came before the Court on September 14, 2017, for an Expedited Hearing. The present focus of this case is whether Mr. Morris is entitled to medical and temporary disability benefits for his right carpal tunnel syndrome (CTS). The central legal issue is whether Mr. Morris is likely to establish at a hearing on the merits that his CTS arose primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds Mr. Morris met this burden and is entitled to medical benefits, but not temporary disability benefits, at this time.

### History of Claim

Mr. Morris, a truck driver for Spec Personnel, began having pain, numbness and tingling in his right arm. He reported these problems to his supervisor, Melissa States, on December 2, 2016. Ms. States and Mr. Morris disagreed as to whether he related his problems to his work and requested medical treatment when he spoke to her on that date. However, Ms. States testified that she believed Spec submitted the matter to its workers' compensation carrier on December 2.

Spec did not provide a panel of physicians, so Mr. Morris began treating with his personal physician on December 12. His doctor diagnosed CTS and referred Mr. Morris to Dr. Muylwa Adedokun on December 27. Dr. Adedokun performed carpal tunnel release surgery on February 15, 2017. He later responded "yes" to a letter from Mr.

1

Morris' attorney asking whether his CTS arose primarily out of and in the course and scope of his employment.

While Mr. Morris treated with his own doctors, he also filed a Petition for Benefit Determination (PBD) on January 12, which resulted in Spec completing an Employer's Report of Injury on January 20. After several weeks, the Mediator closed the matter on March 13 by issuing a Notice of Mediated Agreement that provided Spec would provide a panel of physicians "for the purpose of determining causation." Spec provided that panel, but Mr. Morris did not make a selection. He subsequently filed an amended PBD on March 27 seeking medical and temporary disability benefits.

Mr. Morris requested that the Court award temporary disability benefits and mileage for his travel to medical appointments, and designate Dr. Adedokun as his authorized treating physician (ATP).

Spec countered that Mr. Morris is not entitled to workers' compensation benefits. It contended it initially had no duty to provide a panel or other benefits because Mr. Morris did not make it clear that he was reporting a work injury. Further, Spec argued that Mr. Morris' decision to undergo unauthorized surgery while his first PBD was pending was unreasonable because it was not an emergency procedure. Finally, Spec contended Mr. Morris should not receive any benefits because his failure to select a doctor from the panel prejudiced Spec's ability to evaluate causation. Alternatively, in the event the Court orders any benefits, Spec argued Mr. Morris should be required to select an ATP from the proffered panel.

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Mr. Morris need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Compensability*

To prove a compensable injury, Mr. Morris must show that his alleged injury arose primarily out of and in the course and scope of his employment. To do so, he must show his injury arose primarily out of a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Further, he must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating

2

physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles, the Court first finds that Spec presented no material proof to contradict Mr. Morris' claim that he began suffering right arm pain and numbness while driving on December 2. In fact, Ms. States believed Spec reported this claim to its carrier on the same date. Further, the Employer's Report of Injury noted December 2 as the injury date and stated, "He was driving a truck and started experiencing numbness right hand." Thus, Mr. Morris established a specific incident, identifiable by time and place. The question to be resolved, therefore, is whether he appears likely to prove at a hearing on the merits that his work was the primary cause of the injury. The Court finds that Mr. Morris is likely to meet this burden.

The only medical proof regarding causation was Dr. Adedokun's opinion that Mr. Morris' CTS arose primarily out of his employment. Spec attacked Dr. Adedokun's opinion asserting that it is biased but presented no actual proof of bias. Perhaps more importantly, Spec presented no evidence to counter Dr. Adedokun's causation opinion. Absent any evidence to the contrary, Mr. Morris appears likely to prevail at a hearing on the merits that his workplace accident was the primary cause of his injury.

*Medical Benefits*

The Court now addresses Mr. Morris' request for medical benefits. Under the Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Employers are also required to offer a panel of physicians "from which the injured employee shall select one (1) to be the treating physician." *See* Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

Although Spec eventually provided a panel of physicians, it failed to do so within a reasonable time. Instead, it offered the panel over three months after the injury, over two months after Mr. Morris began treating with his personal physicians, and a month after he already underwent surgery. Therefore, Spec must pay for the medical expenses Mr. Morris incurred as a result of its failure to comply with its statutory duty to provide treatment. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 (Mar. 27, 2015) ("an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice").

Spec made several contrary arguments, but the Court finds them unpersuasive. The first of these, that Spec had no duty to provide a panel because Mr. Morris did not make it clear that he was reporting a work injury, is belied by several facts. As noted above, it appears likely that Mr. Morris, in fact, reported a work injury on December 2.

3

Even if this were not so, Ms. States testified that she discussed the claim with Spec's workers' compensation carrier between December 2 and January 20. Finally, at a minimum, any confusion as to Mr. Morris' claim would have been resolved by the PBD filing on January 20. In spite of this, Spec still failed to provide a panel for two months after the PBD filing.

Spec's second argument involved Mr. Morris' decision to undergo surgery while his first PBD was pending. It contended this was unreasonable because it was not an emergency procedure. The inference appears to be that, once an employee files a PBD, he should not continue with his unauthorized medical treatment until that PBD is resolved. Spec submitted no authority for the proposition that a pending PBD somehow tolls an employer's duty to provide panel or other benefits. Instead, the opposite appears to be true to this Court – a PBD filing should actually focus an employer on satisfying its statutory duties in a timely manner. An employer cannot simply assume an employee will suspend treatment or postpone surgery when he files a PBD, especially when the employer's denial of treatment is what forced him to seek assistance with the Bureau in the first place.

Next, Spec contended Mr. Morris should not receive any benefits because his failure to select a doctor from the panel prejudiced Spec's ability to evaluate causation. This argument is specious because Mr. Morris had already undergone surgery long before Spec ever offered a panel. Mr. Morris incurred his medical expenses during the period when he was trying to get Spec to provide the panel it was legally required to offer. His refusal to select a doctor from the belated panel "for the purpose of determining causation" did not cause the unapproved treatment, nor has Spec demonstrated any actual prejudice to its ability to seek contrary causation opinions going forward.[1]

Finally, in the event the Court orders any benefits, Spec argued Mr. Morris should be required to select an ATP from the proffered panel. Spec characterized Mr. Morris' refusal to select a physician as a "flagrant refusal to comply with the rules" and urged that he should "be required to follow the proper channels." In view of Spec's handling of Mr. Morris' claim, this is a remarkable argument. Spec contended it never denied Mr. Morris' claim, and this appears to be true. However, whether it somehow failed to investigate the claim or merely ignored it, Spec's three-month failure to take any action effectively operated as a denial and forced Mr. Morris to seek his own treatment. Its claim that the delay occurred because "nobody knew what caused the condition" is irrelevant to Spec's statutory duty to offer a panel, especially since compliance with this duty would have provided the very information Spec contended it needed. Further, this argument overlooks the well-established principle that when an employer initially fails to provide a panel, the employer cannot belatedly seek to control selection of the treating

---

[1] The Court also notes that it is not altogether clear whether a panel offered solely for "for the purpose of determining causation" would satisfy the requirements of Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

physician by the late provision of a panel. *See Lambert v. Famous Hospitality, Inc.*, 947 S.W.2d 852 (Tenn. 1997). Spec insisted *Lambert* is inapplicable because it involved a claim where the employer denied the claim. This is a distinction without any difference because, as already noted, Spec effectively denied Mr. Morris' claim when it took no action whatsoever. The Court therefore declines to require a panel selection and designates Dr. Adedokun as Mr. Morris' ATP.

As for Mr. Morris' claim for mileage, he submitted no itemization or other information regarding his mileage expenses. This means that, even though he appears likely to prove entitlement to payment of past medical benefits, including any qualifying mileage reimbursement, the Court cannot enter an order for that reimbursement at this time.

*Temporary Disability Benefits*

Mr. Morris also seeks payment of temporary disability benefits. An injured worker is eligible for temporary total disability (TTD) benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Temporary partial disability (TPD) benefits are a category of vocational disability distinct from temporary total disability and are available when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(2).

Mr. Morris submitted no medical records stating that his physicians took him off work or assigned any temporary work restrictions. Without evidence that he was totally or partially disabled from working, Mr. Morris has not proven he is likely to succeed on a claim for TTD or TPD benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Spec shall provide Mr. Morris with medical treatment made reasonably necessary by his December 2, 2016 injury in accordance with Tennessee Code Annotated section 50-6-204. The Court designates Dr. Adedokun as the authorized treating physician.

2. Mr. Morris' requests for mileage and temporary disability benefits are denied at this time.

3. This matter is set for a Scheduling Hearing on October 31, 2017, at 9:00 a.m. The parties must call 615-741-2112 or toll free at 855-874-0473 to participate. Failure to call in may result in a determination of the issues without the parties' participation. All conferences are set using Central Time (CT).

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 21st day of September, 2017.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1. Indexed medical records
2. Employer's Report of Injury
3. Choice of Physician form
4. Notice of Mediated Agreement
5. Affidavit of Melissa States

Technical record:
1. Petitions for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 21st day of September, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Robyn Lee | | | X | rlee@alexandershunnarlaw.com |
| Tiffany Sherrill | | | X | tbsherrill@mijs.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7